QUEENSBORO FARM PRODUCTS, INC., Appellant, v. IRVING COHEN et al., Defendants, and JACK W. ROSEN, Respondent.— The complaint contains three causes of action. This appeal concerns only the third cause of action, which is to recover from respondent on a guarantee executed by him in April, 1947, in favor of plaintiff to the effect that certain notes and a chattel mortgage given to secure those notes would be paid. The guarantee was executed in connection with the assignment to plaintiff of the notes and mortgage by one Cohen, the then holder thereof. In February, 1951, there was a default under the terms of the mortgage and the entire amount was declared due and unpaid. In March, 1951, Cohen instituted an action to enjoin threatened foreclosure of the chattel mortgage by plaintiff. On May 21, 1951, that action was settled by an agreement that plaintiff would foreclose the old mortgage, obtain title to the chattels, and sell them to a new corporation to be formed by Cohen at a price $3,500 above the amount due on the old notes, for which notes there were to be new notes and a new chattel mortgage executed by Cohen and his new corporation. Respondent did not guarantee payment of the new notes or the new chattel mortgage. Respondent moved for summary judgment to dismiss the third cause of action on the ground that the May, 1951, transaction was a new and superseding agreement taken by plaintiff in payment of the indebtedness under the old notes and chattel mortgage. Plaintiff cross-moved for summary judgment. Plaintiff appeals from an order granting respondent's motion for summary judgment and denying its cross motion for summary judgment, and from the judgment entered thereon. Order and judgment affirmed, without costs. Wenzel, Acting P. J., MacCrate and Murphy, JJ., concur; Schmidt and Beldock, JJ., dissent and vote to modify the order so as to deny respondent's motion for summary judgment and to vacate the judgment, with the following memorandum: In our opinion, there is a question of fact as to whether the agreement of May 21, 1951, and the promises contained in the notes and chattel mortgage given thereunder were intended by the parties to be taken in satisfaction of the old indebtedness, or whether the said agreement, notes, and mortgage constituted an executory accord, with performance thereunder intended as satisfaction of the old indebtedness.